ORIGINAL

# In the United States Court of Federal Claims

No. 16-1094C
(Filed: March 10, 2017)

FILED
MAR 1 0 2017
U.S. COURT OF
FEDERAL CLAIMS

*************************************
                                                    *

**CARL RAYMOND AMOS,**

               Plaintiff,

          v.

**THE UNITED STATES,**

               Defendant.

*************************************

## OPINION AND ORDER

**Damich**, Senior Judge

On September 1, 2016, Plaintiff, Carl Raymond Amos, filed a complaint *pro se* against the United States under claims for breach of copyright under 28 U.S.C. § 1498, violations of the Digital Millennium Copyright Act (DMCA) (17 U.S.C. § 1203, 1204), Lanham Act (15 U.S.C. § 1125), as well as the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1962). On December 12, 2016, Plaintiff submitted an amended complaint. On January 6, 2017, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1), (6) of the United States Court of Federal Claims.

In its motion to dismiss, Defendant argues that they did not waive its sovereign immunity, the Plaintiff's claim is time barred, and Plaintiff did not state a claim upon which relief can be granted. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.[1]

### I. Statement of Facts

#### A. The Contract

On November 30, 2009, the Smithsonian Institution's Office of Contracting entered into a contract with Freelon Group, Inc. for "[a]rchitectural and engineering design services and construction of the National Museum of African American History

---

[1] Plaintiff filed a motion to compel on December 20, 2016. The motion is **DENIED as MOOT** in light of this opinion.

1

7014 1200 0000 9093 6859

and Culture." *See* Def.'s Mot. to Dismiss. Ex. A, Contract No. F10CC10067, at A-1 (hereinafter "Ex. A"). The contract between Freelon and Defendant did not include an authorization and consent clause for copyright infringement.[2] Def.'s Mot. to Dismiss at 3. The contract did include a provision entitled "No Infringement," which expressly prohibited the Freelon Group. Inc. from "infring[ing] any . . . copyright, trademark, or other intellectual property right (including trade secrets) . . . ." Ex. A at A-73 (§ H.11.4).

### B. The Alleged Violations

Plaintiff pleads that in 2009 and 2012-2013, he gave the Defendant notice that "the selected Design Concept Submittal was the Plaintiff's IP." Pl.'s Amended Complaint. I.1.c.. Plaintiff presented a list of thirty copyright registrations and further submits a more detailed registration for copyright numbers: VAu000526764 ("Jwahmose"), registered June 22, 2001, and VAu001225290 ("JWAHMOSE Pyramidal and Collinear Building"), registered November 9, 2015.[3] *See* Complaint (filed Sept. 1, 2016), Ex. C2. It is alleged that Freelon Group, Inc. and, transitively the Defendant, violated these copyrights.

## II. Discussion

The Plaintiff alleges that the Defendant infringed on his copyright, as well as violated the DMCA, Lanham Act, and RICO. Defendant maintains that: (1) it did not waive sovereign immunity, (2) the Plaintiff's claim is time barred, (3) this Court lacks jurisdiction to adjudicate the DMCA, Lanham, and RICO claims, and (4) Plaintiff failed to properly state a claim upon which relief may be granted. Because the Court decides for the Defendant on arguments 1-3, the Court will not address Defendant's fourth argument.

### A. Sovereign Immunity

In *Insurance Company of the West v. United States*, the Federal Circuit held that "a suit against the government cannot proceed absent a waiver of sovereign immunity." *Ins. Co. of the West v. United States*, 243 F.3d 1367, 1372 (Fed. Cir. 2001) (stating that the waiver must be "unequivocally expressed.") (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). The Supreme Court in *United States v. Sherwood*, held that failure to obtain a waiver of sovereign immunity is a jurisdictional bar. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). *See also Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000) ("[a] claimant has a claim against the United States only when the United States has consented to be sued by means of a waiver of sovereign immunity."). Moreover, if a waiver to sovereign immunity is granted via statute, it must be strictly construed in favor of the government. *See Sherwood*, 312 U.S. at 590. The Federal

---

[2] The Contract between the parties did, however, include a provision for patent infringement. Def.'s Mot. to Dismiss at 3.

[3] Among the copyright allegations, Plaintiff submitted a broad range of violations including those related to "Precious Metals." *See* Complaint (filed Sept. 1, 2016), Ex. C2.

Circuit has held that at all times it is the Plaintiff's burden to prove waiver of sovereign immunity. *See Booth v. United States*, 990 F.2d 617, 619 (Fed. Cir. 1993); *see also Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) ("[a] party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists.") (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)).

For waivers of sovereign immunity for copyright infringement, the appropriate statute to reference is 28 U.S.C. § 1498(b). The statute provides, *inter alia*, that:

> [W]henever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive action which may be brought for such infringement shall be an action by the copyright owner against the United States in the Court of Federal Claims for the recovery of his reasonable and entire compensation as damages for such infringement.

28 U.S.C. § 1498(b).

In the § 1498 setting, waivers of sovereign immunity can occur in three instances:

> (1) when the United States itself infringes a copyright, (2) when a corporation owned or controlled by the United States infringes, and (3) when a contractor, subcontractor, or any person, firm, or corporation, acting for the Government and with its authorization or consent, infringes.

*Boyle*, 200 F.3d at 1373. Only the third prong is relevant in this case, as Plaintiff has not alleged that the Defendant itself (or corporation it owns or controls) infringed on a copyright, but instead, alleged that a government contractor copied his work. To infringe on a copyright, one must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 548 (1985)).

Under *Boyle*, a plaintiff must also show that the contractor (in this case Freelon Group, Inc.) was acting for the Defendant with its authorization or consent. *Boyle*, 200 F. 3d at 1373. *See also Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 179 (D.C. Cir. 1987) (recognizing that the third prong "extends the waiver to third parties acting for the government and with the government's 'authorization or consent.'"), S. Rep. No. 1877, 86th Cong., 2d Sess. 3-4, reprinted in 1960 U.S. Code Cong. & Admin. News 3444, 3444-45 ("The language of the bill is to the effect that the exclusive remedy of the owner of the copyright against the United States shall be only in those cases in which the infringement was made with the authorization or consent of the Government. It would,

therefore, follow that all other infringements would not transfer liability to the U.S. Government.").

The mere existence of a contract between the Defendant and Freelon Group Inc., is not enough to establish that authorization or consent was granted, but rather, a plaintiff must show that the Defendant authorized the infringement of designs before immunity is waived. *Boyle*, 200 F.3d at 1373. In order to prove waiver of immunity by authorization and consent, there must be *explicit acts or extrinsic evidence* that show that the government intended to accept liability for a specific act of infringement. *Auerbach v. Sverdrup Corp.*, 829 F.2d at 179. (emphasis added). Thus, "evidence of implied consent might suffice." *Id.* According to *Auerbach*, evidence probative of implied consent could include a "contracting officer['s] instructions," "specifications or drawings which impliedly sanction and necessitate infringement," or "retroactive consent" given by the government. *Id.* at 180 (internal citations omitted). Here, in the contract between the Defendant and Freelon Group Inc. (Ex. A), there is no provision authorizing the infringement of copyrights. Since there is no express provision, the Plaintiff would need to show that the Defendant impliedly authorized the infringement. Plaintiff has not met this burden.

Plaintiff alleges in his Response[4], that after he put the Smithsonian on notice to his copyrights,

> the higher echelon management who were made aware but failed to intervene, only gave unstated approval or implied consent to infringe on other's valid registered copyrights and other IP. The Smithsonian Institution's actions did basically authorize the then bankrupt and insolvent Contractors to continue with their IP Heist in 2012-2016 and presently.

Pl.'s Resp. at 8. Notice to the Smithsonian of copyright infringement, however, does not alter the fact that the contract language did not authorize Freelon Group to infringe, as the Defendant points out. *See* Ex. A, at A-73 (stating that Freelon Group Inc., "will not infringe any . . . copyright, trademark or other intellectual property right (including trade secrets). . ."). Mere notice to the Smithsonian, a non-infringing party, about infringement by another party, where the other party is contractually bound not to infringe, logically cannot constitute implied authorization to infringe. Nor does it create a duty on the part of the Smithsonian to prevent the infringement.

In addition to notice, Plaintiff argues that the inclusion of an indemnification clause constitutes implied authorization. Defendant maintains that the mere inclusion of an indemnification clause "does not suggest a different conclusion," especially in light of

---

[4] Plaintiff titles this document, "Motion to Compel and or Demand Defendant to Produce Copyright Certificate(s) and Motion to Quash Defendant's Motion to Dismiss With Plaintiff's Response and Rebuttal to Defendant's Motion to Dismiss" filed on February 6, 2017 (hereinafter "Pl.'s Resp.")

the express provision *against* copyright infringement. Def.'s Mot. to Dismiss at 9. The contract between the Defendant and Freelon Group, Inc. provided that the contractor is obligated to indemnify the Defendant against all claims, including, but not limited to, "damages, losses, costs, liabilities, expenses (including settlement expenses), reasonable attorney's fees and judgments incurred by or asserted against" the Defendant. Ex. A, at A-65 (§ H.4.1). Indeed, to suggest the mere inclusion of a robust indemnity provision would negate the express language of the contract against copyright infringement and provide authorization or consent by the government is illogical. Rather, this underscores the Government's position that Freelon would be responsible for any copyright infringement.

The Court does not come to the conclusion that the Defendant waived its sovereign immunity through an implied authorization clause or the indemnification clause. Simply stated, the Plaintiff failed to plead how Freelon Group, Inc. acted on authorization by the Defendant, and, therefore; this Court must dismiss the claim for lack of jurisdiction.

### B. Statute of Limitations

In the alternative, the Government argues that the case must be dismissed as it is time barred.

Statute of limitations are jurisdictional requirements to file lawsuits, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008), and it is the burden of the plaintiff to establish jurisdiction. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). In copyright infringement cases, "no recovery shall be had for any infringement of a copyright covered by this subsection committed more than three years prior to the filing of the complaint." 28 U.S.C. § 1498(b).

In his amended complaint, Plaintiff alleges that the copyright infringement began accruing as early as 2009. Pl.'s Amended Complaint. I.1.c. In Plaintiff's motion however, he claims that his suit is not time barred because he registered his copyrights as late as 2015. Contrary to Plaintiff's argument, the date one registers a copyright is not the date which triggers the jurisdictional clock; instead, registration is only a prerequisite to suing the government or any other infringer under 17 U.S.C. § 411 (the Copyright Act). The jurisdictional clock begins to run under federal copyright law when, "one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). *See also Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 464 (S.D.N.Y. 1999) (quoting *Merchant v. Levy*, 92 F.3d 51, 56 (2nd Cir. 1996)) (a copyright claim accrues "when a plaintiff knows or has reason to know of the injury upon which the claim is premised.").

Plaintiff alleges that he had copyrights as early as 1994 on the JWAHMOSE Pyramidal and Collinear Building, Jwahmose, and an additional thirty copyrights. He then alleges that he informed the Smithsonian of copyright violations with regard to these copyrights as early as 2009. This is the year, 2009, that the jurisdictional clock began to

run. The claims, therefore, would have had to have been filed no later than 2012. Plaintiff did not file the complaint in this matter until 2016. Thus, the case is time barred and must be dismissed.

### C. This Court Lacks Jurisdiction for DCMA, Lanham Act, and RICO Claims

In Plaintiff's original complaint, he alleged that the Defendant violated the DCMA, Lanham Act, and RICO. In his response to the Defendant's motion to dismiss, Plaintiff claims that he amended his complaint to seek "only remedy for Copyright Infringement in the Honorable Court of Federal Claims." Pl.'s Response at 9. However, after reviewing the amended complaint, Plaintiff is still alleging that Defendant violated RICO. Just to remain unequivocally clear, this Court does not have subject matter jurisdiction over any of these claims, therefore; they are dismissed. *Stanwyck v. United States*, 127 Fed. Cl. 308, 313-15 (2016) (barring RICO claims in the USCFC), *Liberty Ammunition, Inc. v. United States*, 101 Fed. Cl. 581, 589-92 (2011) (barring Lanham Act claims in the USCFC), *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1384 (2008) (barring DMCA claims in the USCFC).

## III. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. The Clerk is directed to enter judgement accordingly.

**It is so ORDERED.**

EDWARD J. DAMICH
Senior Judge